CITIES: ZONING: City ordinance zoning newly annexed land in Mississippi headwaters area is not subject to requirement for formal review and certification by Mississippi Headwaters Board, but must, nonetheless comply with the Boards' comprehensive land use plan. Minn. Stat. § 103f.371 - 103f.375 (1998).

59a-32
(Cr. Ref. to 125a-66, 477b-34, 484a-1, 484e-1)

May 11, 1999

Jay Squires, Esq.
Ratwik, Roszak & Maloney, P.A.
300 Peavey Building
730 Second Avenue South
Minneapolis, Minnesota 55402

Dear Mr. Squires:

In a letter to Attorney General Mike Hatch your predecessor, as counsel for the Mississippi Headwaters Board, set forth substantially the following

## FACTS

The Mississippi Headwaters Board (the Board) is an eight-county unit of government formed under a joint powers agreement pursuant to Minnesota Statutes Section 103F.361 to 103F.377. The Board is the final zoning authority within the Mississippi Headwaters corridor, which extends throughout the eight-member counties, excluding municipalities.

The primary purpose of the Board is to "assure that its management plan is not nullified by unjustified exceptions in particular cases and to promote uniformity in the treatment of applications for exceptions." To accomplish this, a review and certification procedure is established by Minn. Stat. § 103F.373, subd. 1 for the following categories of land and use actions by the counties and directly or indirectly affecting land use within the corridor:

1.      The adoption or amendment of an ordinance regulating the use of land, including rezoning of particular tracts of land;

2.      The granting of a variance from provisions of the land use ordinance; and

3.      The approval of a plat which is inconsistent with the land use ordinance.

Section 103F.375 provides that, if a municipality within the corridor annexes land which would otherwise be subject to the Headwaters authority, ". . .a moratorium shall exist on . . . all subdivision platting and building permits on the land until zoning regulations are adopted for the land that comply with the provisions of the [management plan] . . ."

The letter then presents substantially the following

## QUESTIONS

1.  Is the adoption by the municipality of zoning regulations pursuant to Section 103F.375, subd. 1 subject to the review and certification process provided for in Section 103F.373, subd. 1?

2.  Following the adoption by the municipality of the new zoning regulations, does the review and certification process provided for in Section 103F.373, subd. 1 apply to the granting of variances and the approval of inconsistent plats as provided for in Section 103F.373, subd. 1?

## OPINION

We answer your questions in the negative. The Board has adopted and implemented a comprehensive land use plan to protect and enhance the Mississippi River and its shoreland that is within the member counties. *See* Minn. Stat. §§ 103F.367, 103F.369 (1998). As you have noted, Minn. Stat. § 103 F. 375 subd. 1 (1998) provides:

> If land subject to the plan is annexed, incorporated, or otherwise subjected to the land use planning authority of a home rule charter or statutory city, a moratorium shall exist on:
>
> (1)  all subdivision platting and building permits on the land until zoning regulations are adopted for the land that comply with the provisions of the plan; and
>
> (2)  construction, grading and filling, and vegetative cutting as those activities are defined in the plan.[1]

---

[1] As written, the subdivision identifies no time limitation upon the moratorium applied to the activities identified in paragraph (2). However, prior to recodification by Minn. Laws 1990 ch. 391 art. 6 § 48, the predecessor to this provision more clearly indicated that the moratorium upon all the identified activities continued only until the requisite zoning regulations were adopted. *See* Minn. Stat. § 114B.05 (1988). The 1990 recodification act was "not intended to alter the meaning of the law," but only to be a "clarification and reorganization." Minn. Laws 1990 ch. 391 art. 10 § 1. Thus, we assume that all the activities listed in Section 103F. 375 are subjected to the same moratorium which remains in effect only until proper zoning regulations are enacted.

Following incorporation or annexation, an area previously governed by country land use controls adopted pursuant to Minn. Stat. ch. 394 will be a part of, and subject to, the jurisdiction of the city for purposes of land use regulation. *See* Minn. Stat. § 462.351, *et seq.* (1998), Op. Atty. Gen. 484e-1, June 7, 1968. That area will no longer be subject to the county zoning authority absent an agreement between the city and the county that so provides. *See* Minn. Stat. §§ 394.24, 394.32 (1998). In order to provide for a continuity of regulation consistent with the plan adopted by the Board, the legislature has mandated a moratorium on development activities in the newly incorporated or annexed territory until zoning controls are adopted by the city to apply to that territory. Furthermore, those zoning controls are required to comply with the provisions of the comprehensive plan adopted by the Board. However, unlike the case of the member counties, the Board is granted no final and direct certification power over the adoption or implementation of zoning controls by a city.

Minn. Stat. § 103F. 373 (1998) provides that certain "actions taken by counties" affecting land use within the area covered by the plan, including adoption or amendment of land use ordinances, granting of variances and approval of plats, will not be effective until the Board has certified that they are consistent with the plan. That authority applies "notwithstanding any provision of Chapter 394 to the contrary." However, no similar authority is granted to the Board with respect to actions taken by cities pursuant to Minn. Stat. §§ 462.351 *et seq.*[2] Therefore a city, in adopting or administering land use controls, is not subject to the formal review and certification process imposed under Section 103F. 373.

However, pursuant to Minn. Stat. § 103F. 371, all local governments are required to exercise their powers "so as to further the purposes of Sections 103F. 361 to 103F. 377 and the plan." An action that does not conform to the country's land use ordinance may not be taken

---

[2] While towns are also authorized to engage in land use regulation pursuant to Chapter 642, town regulations may not be "inconsistent with or less restricted than" those adopted by the county. *See* Minn. Stat. § 394.33, subd. 1 (1998).

until the Board has been notified and given an opportunity to comment upon the consistency of the action with the management plan and those purposes. Therefore the Board would be entitled to review, and comment upon, proposed actions by a city under its planning and zoning power.

Whether the zoning controls that are adopted by a city to govern the newly incorporated territory "comply with the provisions of the plan," so as to lift the moratorium is an issue upon which there could be disagreement among the various interested parties, including the Board. In like manner, there could be disagreements concerning the enforcement of those controls. If not otherwise resolved, such disputes may require a judicial determination pursuant to Minn. Stat. § 462.361.

Sincerely yours,

MIKE HATCH
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

(651) 297-1141